IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA WALKER, | No. C 09-04518 JW (PR) |
| Petitioner, | ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* |
| vs. | |
| PAUL COPENHAVER, Warden, | |
| Respondent. | |
| | (Docket No. 2) |

Petitioner, a federal prisoner incarcerated in Dublin, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of her federal sentence. Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2.)

**BACKGROUND**

In 2003, petitioner was found guilty in the United States District Court for the District of Montana of conspiracy to distribute methamphetamine. (Pet. at 2.) On December 11, 2003, petitioner was sentenced to 165 months in federal prison, where she is currently serving her sentence. Petitioner's projected release date is July 17, 2015.

Order of Dismissal
P:\PRO-SE\SJ.JW\HC.09\Walker04518_dism-2241 (exh).wpd

## DISCUSSION

Petitioner claims that the Bureau of Prisons ("BOP") is unlawfully refusing to exercise its discretion to consider her individually for pre-release placement at a Community Corrections Center ("CCC") and home confinement. (Pet. at 1.) Petitioner claims that she is being denied equal protection under the law because male inmates are being categorically granted six months in the CCC while female prisoners, like herself, are being categorically denied consideration fo the full twelve months based on their gender and custody level. (Id.)

Section 2241 does not specifically require petitioners to exhaust available remedies before filing petitions for a writ of habeas corpus. Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001). Nonetheless, the Ninth Circuit requires "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." (Id.) (citations omitted). The requirement may be waived in limited circumstances because it is not a jurisdictional prerequisite. Id.; see e.g., Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of exhaustion requirement may be appropriate).

Petitioner states in the petition that she is "in the process of exhausting her administrative remedies through the BOP's administrative appeals process, even though she has been notified by staff that she will be categorically denied, rendering the process futile." (Pet. at 3, citing Laing, 370 F.3d 994) She further asserts that exhaustion would be futile because the Deputy Director is married to the Warden, and therefore an objective review of the Warden's unlawful denial of her grievance cannot be expected. (Id.) Without providing any evidentiary support, petitioner's conclusory allegations that exhaustion would be futile are unpersuasive and insufficient for this Court to excuse her failure to exhaust administrative remedies.

Furthermore, this case may be subject to dismissal because petitioner's claim does not appear to be ripe for adjudication. "The ripeness doctrine prevents courts, through avoidance of premature adjudication, from entanglement in theoretical or

1 abstract disagreements that do not yet have a concrete impact on the parties." 18
2 Unnamed "John Smith" Prisoners v. Meese, 871 F.2d 881, 883 (9th Cir. 1989). The
3 Second Chance Act, as revised, designates the placement of qualifying inmates in
4 community confinement or home detention during the final months of the terms of their
5 imprisonment, *i.e.*, the shorter of ten percent of the inmate's term or six months but not
6 to exceed twelve months. See 18 U.S.C. 3624(c). Petitioner's projected release date is
7 July 17, 2015, based on her term of 165 months. The earliest she could qualify for pre-
8 release placement would be July 17, 2014, which is not for another four years.
9 Accordingly, it cannot be said that the BOP's categorical denial of petitioner's request
10 for pre-release placement, when she still has over five years remaining on her sentence,
11 has had a "concrete impact" on the execution of petitioner's sentence. Meese, 871 F.2d
12 at 883.

13 Petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is
14 GRANTED.

## CONCLUSION

17 For the foregoing reasons, the petition for a writ of habeas corpus under § 2241
18 is DISMISSED without prejudice to petitioner filing a new petition after exhausting the
19 BOP's administrative appeals process.

20 This order terminates Docket No. 2.

22 DATED: February 10, 2010

JAMES WARE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.JW\HC.09\Walker04518_dism-2241 (exh).wpd    3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANGELA WALKER,

        Petitioner,

  v.

PAUL COPENHAVER, Warden,

        Respondent.

                                               /

Case Number: CV09-04518 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/19/2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Angela Walker 07753-046
FEDERAL CORRECTIONAL INSTITUTION
Satellite Prison Camp
5675 8TH ST - CAMP PARKS
DUBLIN, CA 94568

Dated: 2/19/2010

                                     Richard W. Wieking, Clerk
                                 /s/ By: Elizabeth Garcia, Deputy Clerk